VOTO DISIDENTE DEL JUEZ DE APELACIONES SR. CORDERO —97 DTA 12
San Juan, Puerto Rico, a 5 de febrero de 1997
No tengo duda alguna, que según lo resuelto por nuestro Tribunal Supremo en el caso Acosta Quiñones v. Matos Rodríguez etc., _ D.P.R _ (1994), 94 J.T.S. 47, la demanda presentada en este caso tardíamente está prescrita y en consecuencia, la sentencia del foro de instancia debería confirmarse.
Los hechos son los siguientes: mediante carta dirigida a Sears Roebuck de Puerto Rico, Inc., ("Sears") de fecha 19 de octubre de 1993, se alega que el 23 de octubre de 1992 ocurrió un incidente en la tienda de Sears donde alegadamente se detuvo en contra de su voluntad a la señora Idalia Colon Duran. El texto literal de la carta dice:

"October 19, 1993

Sears Roebuck de Puerto Rico, Inc.

c/o Mr. Edward Cameron, President and/or Resident Agent for Receipt of Service of Process

Aptdo 70153 San Juan, Puerto Rico

Dear Sir or Madam:

This letter is written on behalf of Idalia Colón Durán and Nilo Rivera Figueroa. Its purpose is to inform you of their intention to sue you for all damages resulting from the tortious actions and omissions of your agent Luis A. Pabón Rivera and other Sears employees occurring on or about October 23, 1992. On that date, the aforementioned agent, a member of the security detail of your Santa Rosa Store in Bayamón, illegally detained Ms. Colón, causing her eventual arrest and processing as a criminal defendant. In the course of said illegal detention and the resulting events, Mr. Pabón and other Sears employees slandered and defamed Ms. Colón, illegally denied her access to the outside world, invaded her privacy, and otherwise caused her significant damages. Her husband, Mr. Rivera Figueroa, was denied all access to his wife and otherwise suffered due to the tortious conduct of the Sears employees and agents.

Subsequent to these events, the Rivera-Colón family was submitted to the agony of several months of court proceedings, culminating in a trial held on May 10,1993. The Superior Court of Bayamón summarily dismissed all charges against Ms. Colón after the Commonwealth presented its only witness, the aforementioned employee, Mr. Pabón. In so doing, the Court gave no credit whatsoever to the testimony of your agent.

The entire set of events led to major damages for the Rivera-Colón family, which they intend to bring to all appropriate legal forums.

In the interest of securing an adequate resolution to this situation, however, we are requesting that you refer this matter to your legal counsel. Please have such counsel contact us within the next fifteen days to indicate your disposition to reach an extrajudicial settlement of this matter.

Should you need further information regarding this situation, please feel free to contact us.

*831
Sincerely,

(filmado)

Judith Berkan

(firmado)

Gregorio Lima"

A los nueve (9) días, o sea, el 28 de octubre de 1993, Sears contesta la carta de la licenciada Berkan en la siguiente forma:

"October 28, 1993

Mr. Gregorio Lima, Esq.

Judith Berkan

Las Marias 206,

Urb. Hyde Park,

Río Piedras, Puerto Rico 00927

Re: Idalia Colón Durán v. Sears, Roebuck de Puerto Rico, Inc. Date of Incident: October 23,1992

Dear Mr. Lima:

We are in receipt of your letter advising your representation on behalf of your client.

In order to expeditiously evaluate your client's claim, please forward the following information:

Your client's version of the facts;

Your theory of liability;

The names of all persons who may have knowledge of the circumstances surrounding this incident;

Verification of all alleged damages;

Your demand for settlement.

Very truly yours, (firmado)

Stuart E. Fineberg Attorney

SEF/mu"

A esa carta, a los veinte (20) días, se le dio la siguiente respuesta:

"November 19,1993

Stuart Fineberg

Law Department, Bc-348A

Sears, Roebuck and Co.

3333 Beverly Road Hoffman Estates, III. 60179

Re: Idalia Colón Durán et al v. Sears Roebuck

Dear Atty. Fineberg:

*832
This letter is in initial response to yours of October 28, 1993, in which you request further information regarding the above-referenced claim. Unfortunately, due to unforeseen professional obligations and other circumstances, have been unable to gather the information to date. We will be sending it on to you in the very near future.

Thank you for your attention to this matter. Sincerely,

(firmado)

Judith Berkan"

Luego de esto hubo inactividad por parte de los demandantes hasta el 7 de noviembre de 1994 cuando se presentó la demanda. O sea, se presentó la demanda a los dos (2) años y quince (15) días desde la fecha del alegado incidente, y al año y diecinueve (19) días desde el envío de la carta de fecha 19 de octubre de 1993. Estamos claro que la carta del 19 de octubre de 1993 sí interrumpió el término prescriptivo. Pero, ciertamente, la carta de Sears del 28 de octubre de 1993 no constituye un reconocimiento de deuda, y la carta de los demandantes del 18 de noviembre de 1993 no constituye una carta interruptora del término prescriptivo. Una (la del 28 de octubre de 1993) le pide a los demandantes más información y la otra contesta que le van a enviar dicha información. Ni una ni la otra constituyen un reconocimiento de deuda o prueba directa o circunstancial de una reclamación extrajudicial. Por haberse interrumpido el término prescriptivo mediante la carta del 19 de octubre de 1993, los demandantes tenían hasta el 19 de octubre de 1994 para presentar la demanda y no lo hicieron hasta el 7 de noviembre de 1994, cuando ya estaba prescrita la acción. "[N]o podemos soslayar la importancia en nuestro ordenamiento de la figura de la prescripción y de que los demandantes tienen que ser diligentes en el ejercicio de sus derechos y que las reclamaciones válidas se accionan inmediatamente y no se abandonan.” Acosta Quiñones v. Matos Rodríguez, supra, pág. 11757.
Este caso es uno casi idéntico al caso de Acosta Quiñones, supra, y este Tribunal no puede, ni debe, evadir, revocar o hacerle caso omiso a las opiniones de nuestro más alto foro bajo la apariencia de que lo dicho constituye un "obiter dictum". Tanto el caso de Acosta Quiñones, supra, como el de Galib Frangie v. El Vocero, _ D.P.R. _ (1995), 95 J.T.S. 71, (ofrecer información no constituye una manifestación inequívoca de quien amenazado con pérdida de su derecho, expresa su voluntad de no perderlo), son claros, mandatorios para nosotros y no constituyen dicta. Deberíamos seguir el mandato de las opiniones de nuestro más alto foro judicial.
Disiento.
CHARLES A. CORDERO
Juez de Apelaciones